**McFARLIN & GEURTS LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mgcalaw.com
Jarrod Y. Nakano (State Bar No. 235548)
Email: jarrod@mgcalaw.com
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Debtor
**TARA OWEN VIRGINIA-MOORE**

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In RE:** | Case No. 10-01714-LT7 |
| **TARA OWEN VIRGINIA-MOORE**, an Individual, | Judge: Hon. Laura S. Taylor<br>Courtroom: Three |
| Debtor. | **In Chapter 7** |
| | **REPLY BRIEF** |
| | Hearing<br>Date: July 20, 2010<br>Time: 2:30 p.m.<br>Courtroom: 3 |

TO THE HONORABLE LAURA S. TAYLOR, UNITED STATES

BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES:

Debtor TARA OWEN VIRGINIA-MOORE ("Moore"), through her counsel

of record, will and hereby submits Debtor's opposition to Creditor DOROTHY

MARKOVICH's ("Markovich") request that this Court adopt the 6th Circuit's

authority as outlined in, In re Brady (6th Cir. 1996) 101 F.3d 1165, for the reasons

set forth below:

-1-

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

I.

3

INTRODUCTION

4

Creditor Markovich urges this Court to disregard the well established

5

precedent in, In re Farmer (4th Cir. 1986) 786 F.2d 618 and In re Overmyer (Barkr.

6

S.D. New York 1982) 26 B.R. 755, for the minority view set forth in Brady.

7

However, the Brady decision is contrary to provisions set forth in Federal Rules of

8

Bankruptcy Procedure, Rule 4007(c) and 11 U.S.C. § 523(c).

9

II.

10

AUTHORITIES AND ANALYSIS

11

Pursuant to Bankruptcy Rule 4007(c), "[a] complaint to determine the

12

dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later

13

than 60 days following the first date set for the meeting of creditors held pursuant to

14

§ 341(a). The court shall give all creditors not less than 30 days notice of the time

15

so fixed in the manner provided in Rule 2002. *On motion of any party in interest,*

16

*after hearing on notice, the court may for cause extend the time fixed under this*

17

*subdivision. The motion shall be made before the time has expired.*" (emphasis

18

added).

19

Under both Farmer and Overmyer, the Chapter 7 Trustee does not have

20

standing under Rule 4007(c) to move for an extension of time on behalf of creditors

21

to file dischargeability objections. Farmer 786 F.2d at 621; Overmyer 26 B.R. at

22

758. The rationale for the Trustee's lack of standing is clear and well reasoned.

23

Rule 4007(c) applies to the dischargeability of any debt pursuant to section 523.

24

However, a Trustee may not object to dischargeability under section 523. As such,

25

the Trustee has no statutory basis for asserting an interest in extending the time for

26

such objections.

27

In Farmer, the Court is clear that where the Trustee "has neither financial

28

interest in a matter nor duties imposed by statute, then a trustee is not a 'party in

- 2 -

1    interest.'"   <u>Farmer</u> 786 F.2d at 621.  The Court reasoned that: "the trustee in

2    bankruptcy has no economic interest in obtaining an extension of time for creditors

3    to pursue the nondischargeability of their claims.  The trustee acts for all the

4    creditors so as to maximize the distribution from the estate.  The trustee distributes

5    the property of the estate in accordance with the formula prescribed under 11 U.S.C.

6    § 726.  A nondischargeable debt is not satisfied from the estate to the detriment of

7    the other creditors.  A creditor holding a nondischargeable debt must look to the

8    debtor's post-petition assets, which are of no interest to the trustee in bankruptcy."

9    <u>Farmer</u> 786 F.2d at 620-621.

10       As such, Markovich's argument that a Debtor's nondischargeable debts share

11   in the estate distribution, does not hold muster.  To the extent that Markovich holds

12   a nondischargeable debt, her recovery is limited to the Debtor's post petition assets,

13   not the assets of the bankruptcy estate.  Therefore, Trustee has no interest in the

14   dischargeability of the Debtor's debts under section 523 and is not a "party in

15   interest" for the purposes of Rule 4007(c).

16       Although Markovich claims that there are multiple Creditors, the Trustee is

17   seeking an extension of time to file dischargeability objections.  To date, none of the

18   Debtor's other creditors sought a stipulation from Debtor's counsel to extend time to

19   file dischargeability objections.  Moreover, only Markovich joined the Trustee's

20   motion to extend time.

21       In addition, Markovich tacitly admits the necessity of seeking an extension of

22   time to file her dischargeability objections, by her untimely Joinder of the Trustee's

23   Motion to Extend Time to File Objections to Dischargeability.  Had Markovich truly

24   relied upon the Trustee's Motion to Extend Time to File Objections to

25   Dischargeability to apply to all creditors, then there would have been no need to file

26   her Joinder.

27       Markovich, through her attorney, attended the first 341(a) meeting and had

28   the opportunity to question the debtor.  Markovich is the former mother-in-law to

- 3 -

1    the Debtor.  In short, Markovich is entirely familiar with the Debtor and has been

2    given every opportunity to bring her dischargeability objections or seek an extension

3    of time to bring her dischargeability objection.  Instead, Markovich waited until

4    after the statutory deadline to file an objection or extension to the discharge of the

5    Debtor.

6                                            III.

7                                    CONCLUSION

8          The case law is clear that the U.S. Trustee does not have standing as a "party

9    in interest" under Rule 4007(c).  Further, to allow all of the Creditors additional time

10   to bring dischargeability objections, severely prejudices the Debtor.  The Creditors,

11   including Markovich, were given every opportunity to timely bring their

12   dischargeability objections.  Debtor Tara Owen Virginia-Moore respectfully

13   requests that the Court deny the Trustee's Motion to Extend Time to Object to

14   Dischargeability.

15   **DATED:** July 9, 2010               **McFARLIN & GEURTS LLP**

16
                                          By:
17
                                          _____
18                                           Jarrod Y. Nakano
                                             Attorneys for Debtor
19                                        **TARA OWEN VIRGINIA-MOORE**

20

21

22

23

24

25

26

27

28

                                          - 4 -

### DECLARATION OF PROOF OF SERVICE

I am over the age of 18 and not a party to the within action.  I am employed by McFARLIN & GEURTS LLP, whose business address is: 4 Park Plaza, Suite 1025, Irvine, CA 92614.

On July 9, 2010, I served the within document(s) described as: **REPLY BRIEF** on the interested parties as follows:

Chapter 7 Trustee            United States Trustee
Leslie T. Gladstone          402 West Broadway Ste A
5785 La Jolla Blvd Ste A     San Diego, CA 92101
La Jolla, CA 92037-7346

Service List continued on next page.

√       **BY MAIL (Code Civ. Proc. §§ 1013a(3))**  -  I deposited such envelope(s) to be placed in the United States mail at Irvine, California.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. Postal Service on that same day with postage thereon fully pre-paid at Irvine, California, in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐       **BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED (Code Civ. Proc. §§ 1013a(3))**  -  I deposited such envelope(s) to be placed in the United States mail at Irvine, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day with postage thereon fully pre-paid at Irvine, California, in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐       **BY OVERNITE EXPRESS:** - I deposited in a box or other facility regularly maintained by Overnite Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, together with a signed copy of this declaration, in an envelope designated by the said express service carrier, with deliver fees paid or provided for, addressed as listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 9, 2010, at Irvine, California.

Talien Barsamian

-1-

PROOF OF SERVICE

Alphera Financial Serv
5550 Britton Pkwy
Hilliard, OH 43026


American Profit Recovery
34405 W 12 Mile Road #379
Farmington, MI 48331


AT&T
P.O. Box 1923
Morristown, NJ 07962


Bank Of America
Po Box 1598
Norfolk, VA 23501


Bank Of America
Po Box 17054
Wilmington, DE 19850


Bank of America
4060 Ogletown Stan
Newark, DE 19713


Bank of America - Coal Jen
4060 Ogletown Stan
Newark, DE 19713


Bank of America Olympia Group
4060 Ogletown Stan
Newark, DE 19713


Bk Of Amer
P.O. Box 17054
Wilmington, DE 19884

Bogoljub Markovich
PO BOX 181263
Coronado, CA 92178


CA Dept of Public Health
850 Marina Bay Parkway #F175
Richmond, CA 94804


Chase
PO BOX 94014
Palatine, IL 60094-4014


Chi Lounge
3807 Arnold Ave
San Diego, CA 92104


Classic Party Rental
1040 S Federal Highway Ste 100
Delray Beach, FL 33483


David Robinson Design
5637 La Jolla Blvd
La Jolla, CA 92037


Derian Equipment
2466 Sunflower Terrace
Vista, CA 92083


Dragica Markovich
1500 Catherine Street #D210
Walla Walla, WA 99362


Empire Electric


Enterprise

Franchise Tax Board
PO BOX 942867
Sacramento, CA 94267


Greenwood Memorial
4300 Imperial Ave
San Diego, CA 92112


Heather Cook


Jeff & Monique Jackson
2630 Chatsworth Blvd
San Diego, CA 92106


Kiki Spounias
7742 Hershel Ave
La Jolla, CA 92037


Kolodny & Pressman
11975 El Camino Real #201
San Diego, CA 92130


La Jolla Emergency Phys Med Gr
PO BOX 661687
Arcadia, CA 91066-1687


Martini Hughs & Grossman
1040 S Federal Highway #100
Delray Beach, FL 33483


MCCS
3800 Choain Ave
San Diego, CA 92140-5196

Merchants Me
2245 152nd Ne
Redmond, WA 98052-5519


National Commercial Services
6644 Valjean Ave Ste 100
Van Nuys, CA 91406


Navy Federal Credit Union
P.O. Box 3100
Merrifield, VA 22119


Red Floral
5648 La Jolla Blvd
La Jolla, CA 92037


Rewards Network
2 North Riverside Plaza 950
Chicago, IL 60606


Robert Goff
PO BOX 60370
San Diego, CA 92166


Robert Serian & Assoc.
28212 Kelly Johnson Parkway #2
Thousand Oaks, CA 91358


Ryen Toft
4468 Marlbrough Ave #9
San Diego, CA 92116


Scripps Clinic
PO BOX 515079
Los Angeles, CA 90051-5079

SD Medical Services


Sergio Guevara
969 Paseo La Cresta
Chula Vista, CA 91910


Strategic Tax


Sullivan Hill
550 West C Street
San Diego, CA 92101


Terry Hellenkamp
12760 High Bluff Drive #300
San Diego, CA 92130


Trustee Services
217 Escondido Ave #2
Vista, CA 92081


UCSD
PO BOX 232410
San Diego, CA 92123


UCSD Medical Center
Fil 55663
Los Angeles, CA 90074-0001


Usaa Savings Bank
Po Box 47504
San Antonio, TX 78265


Warren Walker
4605 Pt Loma Ave
San Diego, CA 92107

West Coast Spec
7686 Formula Pl.
San Diego, CA 92121

William Berkeley
PO Box 8409
La Jolla, CA 92038

William Berkley

William Berkley
PO Box 8409
La Jolla, CA 92038