Case:   <u>In re Tara Virginia Owne-Moore</u>, Bk. 10-01714-LT7

Hearing Date/Time:   July 20, 2010 at 2:30 p.m.

(Cont'd hrg) - Trustee's Motion to Extend Time (Non-Dischargeability Complaints)

Dept. 3 Tentative:

    Hear.

    The motion filed by the chapter 7 trustee ("Trustee") sought extension of the deadlines to file objections to discharge under 11 U.S.C.§727 ("Objections to Discharge"), and objections to dischargeability of individual creditors' debts under 11 U.S.C.§523 ("Non-Dischargeability Objections"), pursuant to Federal Rules of Bankruptcy Procedure 4004 and 4007, respectively.  The Court granted the Trustee's motion at the initial hearing solely with respect to Objections to Discharge and required written briefs regarding the issue of whether the Trustee has standing under Rule 4007, on behalf of individual creditors, to seek extension with respect to Non-Dischargeability Objections ("Supplemental Briefing").

    The opposing positions are represented by two circuit decisions, neither of them from the Ninth Circuit.  The Fourth Circuit, in *In re Farmer*, 786 F.2d 618 (4th Cir. 1986), held that a chapter 7 trustee lacks standing under Rule 4007(c) to seek extension of the deadline to file non-dischargeability complaints on behalf of general unsecured creditors, based on its conclusion that the chapter 7 trustee is not a "party in interest" thereunder.  The Fourth Circuit reasoned that a chapter 7 trustee has no <u>statutory</u> basis for asserting any interest in extending the non-dischargeability deadline as the trustee

1

may not file such an objection; and also reasoned that the trustee lacks any <u>economic</u> interest sufficient to create standing. Unfortunately, the latter reasoning was faulty because it derived from an erroneous belief that creditors holding non-dischargeable claims do not share in pro-rata distributions from the assets in a chapter 7 case. *See Spilka v. Bosse (In re Bosse)*, 122 B.R. 410 (Bankr. CD Cal. 1990).

The Sixth Circuit, in *Brady v. McAllister (In re Brady)*, 101 F.3d 1165 (6th Cir. 1996), rejected the holding of the Fourth Circuit in *Farmer* and held that a chapter 7 trustee has standing under Rule 4007. In *Brady*, the reviewing court focused on the error in the economic interest reasoning in *Farmer* and found other "interests" that supported trustee's standing as a party in interest under Rule 4007 (e.g. efficient administration of estate and duty to investigate financial affairs).

Despite the Fourth Circuit's reasoning error as to a trustee's economic interest, this Court tentatively finds the decision in *Farmer* regarding Trustee's lack of statutory basis for standing as a party in interest under Rule 4007 more persuasive on this point and more consistent with the policy in the Ninth Circuit regarding strict construction of timing constraints under Rules 4004 and 4007. The Court intends to provide a written memorandum decision on this issue in light of the lack of on-point case authority in this Circuit.